```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA        :     CIVIL ACTION
                                :
         v.                     :
                                :
SAEED MASSAQUOI                 :     NO. 03-06529-JF
_____:_____

UNITED STATES OF AMERICA        :     CIVIL ACTION
                                :
         v.                     :
                                :
JOHN HALL                       :     NO. 03-00951-JF
                                :
                                :     (Criminal No. 99-644-01,02)
```

MEMORANDUM AND ORDER

Fullam, Sr. J.                                      October 31, 2005

John D. Hall and Saeed Massaquoi were jointly tried for armed bank robbery and carjacking, in Case No. 99-644-01, 02. Both were convicted and sentenced, and their convictions were upheld by the Third Circuit Court of Appeals on direct appeal. After their convictions and sentences, both requested, and were granted, new counsel to pursue the direct appeals.  They have separately filed motions for collateral relief under 28 U.S.C. § 1955.  For convenience, both petitions will be disposed of in this opinion, since they involve similar issues.

Mr. Massaquoi alleges that his trial counsel was inadequate in the following respects: (1) failure to seek suppression of evidence; (2) failure to object to the fact that the jury had no basis for convicting petitioner on the felon-in-

possession charge, since there was no proof or stipulation of his prior conviction; (3) failure to object to the fact that he was not allowed adequately to cross-examine one of the victims, Mrs. Kerr; (4) failure to object to prosecutorial misconduct; and (5) failure to inform petitioner of his right to testify.

None of these claims can be regarded as having merit. There was no basis for suppressing evidence; the evidence was obtained in the course of a search incident to a valid warrant, and all of the evidence seized was pertinent to the crimes charged and within the scope of the warrant.  Counsel's cross-examination of the victim was entirely reasonable, and was not curtailed in any significant respect.  There was no basis for complaint about the prosecutor's closing argument, which was well within the scope of legitimate advocacy.

Mr. Hall also complains that, after his counsel had successfully objected to an alleged out-of-court statement by his co-defendant, petitioner's counsel inadvertently opened the door to reintroduction of that statement, as a result of his cross-examination concerning grand jury testimony.  It is not clear that the out-of-court statement was inadmissible in the first place, since it merely corroborated what other witnesses had said (that when the co-defendant referred to "my man," he was referring to Mr. Hall).  And counsel is not to be faulted for seeking to impeach a later witness by reference to her (arguably contradictory) grand jury testimony.  I am not persuaded that any

error occurred, but even if it had, the error was of no consequence.

Both Hall and Massaquoi contend that the government failed to disclose exculpatory evidence, which they only learned of after their appeal was concluded.  The evidence in question consists of a sketch of one of the alleged perpetrators, made by a police artist on the basis of eyewitness descriptions.  Although the sketch was published in the newspapers at the time of the crimes, it did not come to the attention of the prosecutor or the defense counsel until after the trial.

The government argues, with considerable force, that since the sketch was published in the newspaper, it was equally available to the defendants as well as to the prosecution, and that there is no evidence or suggestion that the prosecutor was aware of the sketch and intentionally secreted it.  While I believe there is merit in these arguments, I need not finally resolve the issue on that basis, since it is quite clear that the sketch was in no sense exculpatory, as to either defendant, since it very much resembles the defendant Hall.  If it had been produced at trial, it would have aided the prosecution, not the defense.

Petitioner Massaquoi contends that his conviction for being a felon-in-possession of a firearm should be set aside, because there was no proof that he had ever been convicted as a felon.  That is true, but there was a stipulation to that effect

3

– a stipulation worded in such a way that the jury was not specifically made aware of his previous conviction, but were simply asked to determine whether or not he was in possession of a firearm on the specified occasion.  Mr. Massaquoi was present in the courtroom when the stipulation was set forth.  Even if he had not agreed, he suffered no prejudice from the stipulation, but indeed, was benefitted by it, since it precluded the jury's knowledge of his previous conviction for a serious crime.

   The complaint that trial counsel did not inform the defendant of his right to testify is baseless.  Both defendants were present when the court instructed the jury on that subject – both at the start of the trial, and in the course of the charge – and cannot now be heard to deny that they were aware of their right.  In the circumstances, counsel would probably have been incompetent if he allowed his client to testify, since that would have permitted cross-examination about previous crimes.

   I have carefully considered all of the issues raised by both petitioners, and am satisfied that none of their contentions is meritorious.  Virtually all were resolved on direct appeal, and cannot now be reconsidered.  The evidence against both men was truly overwhelming, and nothing which has been suggested calls into question the fairness of the trial or the validity of the jury's verdict.

   An Order follows.

4

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SAEED MASSAQUOI | : | NO. 03-06529-JF |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JOHN HALL | : | NO. 03-00951-JF |
| | : | |
| | : | (Criminal No. 99-644-01,02) |

## ORDER

          AND NOW, this 31st day of October 2005, IT IS ORDERED:

        1.   The petition of John D. Hall for relief under 28 U.S.C. § 2255 is DENIED, without a hearing.

        2.   The petition of Saeed Massaquoi for relief under 28 U.S.C. § 2255 is DENIED, without a hearing.

        3.   There is no probable cause for appeal.

BY THE COURT:

/s/ John P. Fullam
John P. Fullam, Sr. J.

5